UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASEMIN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01786-TAB-JMS |
| | ) | |
| DNF ASSOCIATES L.L.C., | ) | |
| RACHEL HOPE MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants DNF Associates, LLC, and Rachel Hope Miller have moved for dismissal of Plaintiff Jasemin Bivins' complaint under Fed. R. Civ. P. 12(c). [Filing No. 23.] Plaintiff failed to respond to Defendants' motion.

Defendants argue that the Court has no Article III subject matter jurisdiction due to Plaintiff's lack of standing. Specifically, Defendants argue that Plaintiff's complaint fails to allege Plaintiff suffered an "injury-in-fact" sufficient to confer standing under Article III. "Article III extends the judicial power only to the resolution of cases and controversies. At the very least, this requires a plaintiff to have suffered an injury-in-fact traceable to the defendant and capable of being redressed through a favorable judicial ruling." *Crabtree v. Experian Info. Sols, Inc.*, 948 F.3d 872, 876 (7th Cir. 2020). "The alleged injury must be concrete and particularized as well as actual or imminent, not conjectural or hypothetical to satisfy Article III standing." *Id*. at 877 (internal citation and quotation marks omitted).

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act by filing a state court lawsuit in Howard County, Indiana, in which Defendants filed a complaint and affidavit of debt which stated differing amounts due and owing by Plaintiff. [Filing No. 24, at ECF p. 3.] Paragraph 14 of Plaintiff's complaint is the only paragraph in which she attempts to describe how the alleged FDCPA violation affected her, in which she stated:

> 14.    DNF and Miller's misstatement of the debt is a violation of the FDCPA and is material because they attempted to collect a debt from Bivins by using false or misleading representations of the amount of debt.  By doing so, Defendants would make an unsophisticated consumer believe that he or she did not have the rights Congress had granted under the FDCPA.  It would also cause an unsophisticated consumer to alter his or her course of action in dealing with the debt in order to avoid further harassment.  This violation of the FDCPA is sufficient to show an injury-in-fact.

[Filing No. 1, at ECF p. 3.] Thus, Defendants argue that the complaint does not assert an "injury-in-fact," because all of the so-called "injury" described in this paragraph is clearly hypothetical.

The complaint does not state that the alleged FDCPA violation had any actual effect on Plaintiff, let alone that Plaintiff herself suffered a concrete injury. It does not even state that Plaintiff is the hypothetical person of which the complaint speaks who "would" under some circumstance be affected in any of the ways described. Moreover, the Seventh Circuit has noted that mere "confusion" as to one's rights or the FDCPA is not sufficient to confer Article III standing. *See, e.g., Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020) ("[T]he state of confusion is not itself an injury. If it were, then everyone would have standing to litigate about everything."  (Internal citation omitted)). Similarly, an assertion that Plaintiff altered her course of action in dealing with the debt would not have been enough to confer standing in this matter, as in order to "fulfill the injury in fact requirement, the violation must have harmed or presented an appreciable risk of harm to the underlying concrete interest

that Congress sought to protect." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021) (internal citations and quotation marks omitted).

      To have Article III standing in order to bring this lawsuit, Plaintiff needed to have asserted in her complaint that she suffered a "concrete and particularized," "actual or imminent" injury.  Plaintiff could have done so by stating that as a result of the alleged FDCPA violation, she was induced to react in some specific way to her detriment and that she would not have reacted to in the same way in the absence of the alleged FDCPA violation.  Instead, her complaint asserted that some hypothetical person might have suffered confusion and might have acted differently as a result of the alleged FDCPA violation.  Plaintiff's complaint did not state that Plaintiff herself had these beliefs or that she altered her course of action in any way.  This is not enough to confer Article III standing.  Therefore, this Court lacks subject matter jurisdiction in this matter, and it must be dismissed under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(c). For these reasons, Defendants' motion for judgment on the pleadings is granted.  [Filing No. 24.] Plaintiff's claims against Defendants are dismissed with prejudice.[1]

      Date: 4/28/2023

                                        Tim A. Baker
                                        United States Magistrate Judge
                                        Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[1] While the dismissal could have been without prejudice with an opportunity to amend or re-file, since Plaintiff did not even respond to Defendants' motion, the Court concludes Plaintiff does not oppose the motion and does not believe the pleading deficiencies can be cured by amendment.